UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:05-cr-36 |
| v. | ) | |
| | ) | |
| FRANKLIN WOODS | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

Introduction

This matter came before the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) to conduct such evidentiary hearings as deemed necessary and to issue a report and recommendation as to the defendant's mental competency to stand trial and sanity at the time of the offense.

Those appearing before the undersigned at the mental competency hearing on October 20, 2006, included the following:

1. AUSA Scott Winne for the United States.
2. The defendant, FRANKLIN WOODS.
3. Attorney Charles Dupree for defendant.
4. Karen Milliner, Psy.D. Forensic Psychologist (via video conference).
5. Courtroom Deputy Pam Scott.
6. Court Reporter Elizabeth Coffey.

For the reasons that follow, I conclude defendant Franklin Woods is competent to stand trial.

Order of Commitment for Mental Evaluation

On December 14, 2005, during a hearing before U.S. District Judge Curtis L. Collier, the Court ordered the defendant to undergo a mental competency evaluation. An Order of Commitment for Mental Evaluation was filed on April 19, 2006 (Doc. 106), to determine: (1) the defendant's mental competency to stand trial and (2) sanity at the time of the offense. In

accord with this order, an evaluation was completed by Dr. Karen Milliner, Psy.D., addressing the issues of whether defendant was able to understand the nature and consequences of the proceedings against him and to assist properly in his defense and whether defendant was insane at the time of the offense. At the October 20, 2006, hearing, Dr. Karen Milliner, Forensic Psychologist with the Federal Medical Facility in Lexington, Kentucky, testified in support of her forensic evaluation dated September 6, 2006. Dr. Karen Milliner testified concerning the forensic report prepared by herself and signed by Dr. Michael Helvey, Ph.D., chief psychologist at FMC Lexington. Dr. Milliner's background includes work as a forensic psychologist in Lexington for over two years and work in community medical health for three years prior to that. During the course of her work at FMC Lexington, she has conducted approximately one hundred and twenty forensic evaluations.

<u>Forensic Evaluation - Dr. Karen Milliner</u>

Psychological testing included the Weschler Adult Intelligence Scale, Third Edition (WAIS-III), Personality Assessment Inventory (PAI), MacArthur Competence Assessment Tool - Criminal Adjudication (MacCAT-CA), and Rogers Criminal Responsibility Assessment Scales (R-CRAS). "The results of the psychological testing suggest defendant may have some difficulty following the complex terminology used in a courtroom, but do not suggest deficits serious enough to prevent him from proceeding competently." (Forensic Evaluation at 5).

> Mr. Woods' performance on measures administered to assess his competency and criminal responsibility were consistent with these findings and suggested no areas of clinically significant impairment. His performance on a measure of competency-related abilities suggested sufficient capacities for understanding and navigating the legal system with assistance; thinking, reasoning, and decision-making related to his legal situation; appreciating his legal situation rationally and realistically; and assisting his counsel by discerning relevant information, understanding the significance of information provided to him, considering various pleas, and communicating preferences about how his case

2

will be handled.

. . . . . .

> In summary, the results of psychological testing administered to Mr. Woods over the course of the evaluation do not support a finding of severe mental illness or mental retardation. Test results suggest intellectual limitations, which suggest some assistance navigating the more complex areas of the legal system may be needed to ensure his competency. Recommendations for such assistance are provided in the competency section of this report. Test results do not suggest Mr. Woods is experiencing mental deficits severe enough to preclude his competency to proceed and do not support a finding of insanity or diminished capacity.

Forensic Evaluation at 5, 6.

> Dr. Milliner's clinical formulation and diagnostic impression were as follows:
>
> | Axis I | Methamphetamine Abuse |
> |---|---|
> | | Adjustment Disorder with Anxiety |
> | Axis II | Intellectual |

Forensic Evaluation at 8.

> In summary, Mr. Woods is not suffering from a mental condition which prevents him from proceeding competently to trial. He is experiencing some intellectual limitations, but these limitations did not prevent him from participating productively, meaningfully, and sensibly in legally focused interviews with the examiner. Mild deficits in processing information rapidly, assimilating and remembering complex information, and communicating could adversely impact his participation in his legal proceedings to some extent, but the potential detrimental impact of these deficits should be alleviated by recognizing and accommodating his limitations.
>
> The following suggestions should minimize the impact of Mr. Woods' intellectual limitations on his ability to proceed. The Court should consider:
>
> 1. Checking in periodically with Mr.Woods to make sure he is assimilating new information presented during his legal proceedings;
> 2. Ensuring Mr. Woods understands any legal agreement he is entering by having him recite basic components of the agreement from memory; and
> 3. Briefing and debriefing Mr. Woods at key points in the process (before proceedings, explaining what is about to happen, and after proceedings, making sure he understood what just happened).

Forensic Evaluation at 10.

As to the question of whether defendant was sane at the time of the offense and as to whether defendant suffered from diminished capacity, the examiners reached the following conclusion:

> **DISCUSSION OF DEFENDANT'S SANITY AT THE TIME OF THE ALLEGED OFFENSE:** . . . Mr. Woods has not been diagnosed with a severe mental condition which compromises his perception of reality, and there is no evidence to suggest his perception or comprehension of the crimes he is alleged to have committed was compromised by severe mental illness at the time they occurred. In addition, descriptions of the crimes Mr. Woods is alleged to have committed provided no evidence the alleged offenses were significantly impacted or impaired by mental illness.
>
> . . . . . .
>
> In summary, based on the available information, in the opinion of the undersigned examiner, at the time of the alleged offense, Mr. Woods was **not** suffering from a severe mental disease or defect rendering him unable to appreciate the nature and quality or the wrongfulness of his acts.
>
> **DISCUSSION OF DEFENDANT'S MENTAL CAPACITY AT THE TIME OF THE ALLEGED OFFENSE:** With regard to the question of diminished capacity as described in federal sentencing guidelines, the present examination found no indication Mr. Woods was experiencing a significantly impaired ability to understand the wrongfulness of the behavior comprising the offense, exercise the power of reason, or control behavior he knew was wrong at the time of the alleged offenses. The present examination found no indication such a reduced mental capacity contributed substantially to the commission of the alleged offenses.
>
> In summary, based on the available information, Mr. Woods was **not** suffering from a significantly reduced mental capacity contributing substantially to the commission of the alleged offenses. Thus, in the opinion of the examiner, Mr. Woods was **not** suffering from diminished capacity at the time of the alleged offense.

(Forensic Evaluation at 11, 12). Therefore, the opinion of the medical examiners was that Mr. Woods does not suffer from a mental disease or defect which would affect his ability to appreciate the nature, quality or wrongfulness of his actions related to the alleged offense and

4

was not suffering from diminished capacity at the time of the alleged offense. I note that the question of sanity at the time of the offense is a question for the jury but, based upon the available evidence, it does not appear that Mr. Woods was insane at the time of the offense.

No other evidence was presented by defendant to contradict the findings contained in the forensic evaluation report.

## Conclusion

Having carefully reviewed the pleadings and the medical evidence, and heard and considered the testimony of Dr. Milliner, I RECOMMEND the Court find the defendant, Franklin Woods, competent to stand trial.[1]

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).